This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GERALD MAESE and JACQUELINE MAESE,**

Plaintiffs-Appellees,

v.                                                                        NO.   30,812

**DAVID GARRETT, MICHELE BECKNELL, CHARLES ORVIS and WELLS FARGO ADVISORS, LLC,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Theresa M. Baca, District Judge**

Bryan L. Query, P.A.
Bryan L. Query
Albuquerque, NM

for Appellees

Windle Hood Alley Norton Brittain & Jay, LLP
Joseph L. Hood, Jr.
El Paso, Tx

for Appellants

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendants appeal the denial of their motion to compel arbitration. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendants have filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Defendants' arguments, we affirm.

In this Court's notice of proposed summary disposition, we noted that Defendants' motion to compel arbitration was based on an arbitration agreement contained in a 1991 contract between Plaintiffs and the Boettcher & Company Division of Kemper Securities Group, Inc. [RP 69] Defendants submitted an affidavit indicating that Wells Fargo Advisors, LLC, was the successor in interest to Kemper. [RP 67] However, the facts giving rise to Plaintiffs' complaint arose from a business relationship between Plaintiffs and Wachovia Securities, and the evidence presented by Defendants failed to establish any relationship between Kemper's agreement with Plaintiffs, and Wachovia Securities' agreement with Plaintiffs. Although the pleadings and the evidence indicated that Wells Fargo Advisors, LLC, was a successor in interest to both Kemper and Wachovia Securities, Defendants provided no authority to suggest that when a corporation acquires one company with whom a customer has a broad arbitration agreement, that agreement will also apply to any other contracts

the customer has entered into with a separate company that has also been acquired by the corporation. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that when a party cites no authority to support an argument, we may assume no such authority exists). It also provided no evidence of any relationship between Kemper and Wachovia Securities. Therefore, we proposed to conclude that Defendants failed to meet their burden of establishing their right to arbitrate this dispute.

Defendants have filed a memorandum in opposition, to which they attach a number of documents to show that through a series of name changes and corporate mergers, Kemper merged with Wachovia Securities, and that the merged corporation eventually became Wells Fargo Advisors, LLC. [MIO, Exs. A-G] Defendants ask this Court to take judicial notice of these facts because it would be more efficient than affirming, since if this Court affirms, Defendants will just present this evidence in a renewed motion on remand to the district court. [MIO 4] We decline to do as Defendants request. This Court does not consider a party's new factual assertions on appeal, and "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure." *Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19. This Court is not the factfinder and we therefore do not generally review evidence in the first instance.

Defendants assert that our conclusion that Defendants failed to establish that the Kemper arbitration agreement had any bearing on the issues in this case raises a factual issue that was not addressed below. [MIO 5] They argue that a decision on this basis is therefore unfair to Defendants. [MIO 5] We disagree. In response to Defendants' motion to compel arbitration, Plaintiffs argued that the 1991 arbitration agreement they signed was with the Boettcher & Company Division of Kemper, and that "[t]he Genworth Account was opened through Wachovia Securities . . . , and has nothing to do with either Boettcher and Company or the subject matter of the 1991 [agreement]." [RP 80] Plaintiffs further argued that Defendants failed to establish that the subject matter of the agreement between the Boettcher & Company Division of Kemper extended to the Genworth account with Wachovia Securities. [RP 86] Plaintiffs also argued that Wachovia Securities was a mere "third part[y]" who could not enforce the agreement between Plaintiffs and Boettcher & Company. [RP 83] Plaintiffs' argument that there was no relationship between the Boettcher & Company Division of Kemper and Wachovia Securities, and no relationship between Plaintiffs' accounts with each company, necessarily required the district court to determine whether Defendants had established evidence of such relationships. Therefore, we do not agree that this Court has reached out to an issue not fairly encompassed by the arguments below. It was Defendants' burden to establish a right to arbitrate the claims

5

raised in Plaintiffs' complaint. *See Corum v. Roswell Senior Living*, LLC, 2010-NMCA-105, ¶ 16, __ N.M. __, 248 P.3d 329, *cert. denied*, 2010-NMCERT-010, 149 N.M. 64, 243 P.3d 1146. Where Defendants failed to do so, we find no error in the district court's denial of their motion to compel.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**